# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------------X
U.G., an infant, by his mother and natural guardian, ASSETA
NANEEMA, and ASSETA NANEMA, individually,

                               Plaintiffs,

          -against-

SANDY LAU BUI, D.O. and THE NEW YORK &
PRESBYTERIAN HOSPITAL
                        Defendants.
----------------------------------------------------------------X

Index No.:
Date Purchased:
**SUMMONS**

Plaintiff designates Bronx
County as the place trial.

The basis of venue is:
Plaintiffs Residence

Plaintiffs reside at:
510 Jackson Avenue, 3F
Bronx NY 10455

County of BRONX

**TO THE ABOVE NAMED DEFENDANTS:**

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiffs' attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       September 3, 2019

                                        _____
                                        Randolph D. Janis, Esq.
                                        DOUGLAS & LONDON, P.C.
                                        Attorneys for Plaintiffs
                                        59 Maiden Lane, 6th Floor
                                        New York, New York 10038
                                        (212) 566-7500

TO:

SANDY LAU BUI, M.D.
268 Canal Street
New York NY 10013

THE NEW YORK & PRESBYTERIAN HOSPITAL
New York-Presbyterian/Lower Manhattan Hospital
170 William Street
New York, NY 10038

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
U.G., an infant, by his mother and natural guardian, ASSETA
NANEEMA, and ASSETA NANEEMA, individually,

                              Plaintiffs,

    -against-

SANDY LAU BUI, D.O. and THE NEW YORK &
PRESBYTERIAN HOSPITAL

                              Defendants.
-----------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

Plaintiff, **U.G.**, an infant, by his mother and natural guardian, **ASSETA NANEEMA** and **ASSETA NANEEMA** individually, by their attorneys, DOUGLAS & LONDON, P.C., complaining of the Defendants, respectfully allege, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### (MEDICAL MALPRACTICE)

1.    Plaintiff, infant, **U.G.** born in October 2018 at defendant **THE NEW YORK & PRESBYTERIAN HOSPITAL**, was and is a resident of the City of New York and State of New York, within the County of Bronx.

2.    Plaintiff, mother and natural guardian, **ASSETA NANEEMA** was and is a resident of the City of New York and State of New York, within the County of the Bronx, residing at 510 Jackson Avenue, Apt 3F, Bronx NY 10455.

3.    At all of the times herein mentioned, Defendant **SANDY LAU BUI, D.O.** was or represented herself to be a physician duly licensed and authorized to practice medicine in the State of New York.

4. At all times herein mentioned, Defendant, **SANDY LAU BUI, D.O.** maintained and still maintains a medical office located at 268 Canal Street New York NY 10013.

5. Upon information and belief, at all times hereinafter mentioned, the defendant, **SANDY LAU BUI, D.O.** specialized in the field of medicine; more specifically obstetrics and gynecology.

6. At all times hereinafter mentioned defendant **SANDY LAU BUI, D.O.** held herself out to be a obstetrician/gynecologist offering professional services to the public in general, and to the plaintiff and infant plaintiff, in particular.

7. Upon information and belief, and at all times hereinafter mentioned, the defendant **SANDY LAU BUI, D.O.** was a physician duly licensed to practice medicine in the State of New York.

8. Upon information and belief and at all times hereinafter mentioned the defendant, **SANDY LAU BUI, D.O.** was a physician, agent, independent contractor, servant, affiliated, associated, and/or employed with/by defendant **THE NEW YORK & PRESBYTERIAN HOSPITAL.**

9. At all of the times herein mentioned, Defendant **SANDY LAU BUI, M.D.** represented herself to be able, competent, and qualified to order, recommend, request, advise, perform, render, or provide all of the medical, surgical, gynecological, obstetrical, diagnostic, physical examinations, evaluations, consultations, care, treatments, procedures, surgeries, services and advice ordered for, recommended for, requested for, advised for, performed upon, rendered to, provided for, or required by the infant plaintiff and plaintiff.

10. At all of the times herein mentioned, Defendant **SANDY LAU BUI, D.O.** undertook to and did order, recommend, request, advise, perform, render, and provide medical, gynecological, obstetrical, diagnostic, physical examinations, evaluations, consultations, care, treatments, procedures, surgeries, services, and advice of, for, and to the infant plaintiff and plaintiff.

11. That at all times hereinafter mentioned the Defendant **THE NEW YORK & PRESBYTERIAN HOSPITAL** was and still is a hospital located at 170 William Street, New York, New York 10038.

12. That at all times hereinafter mentioned Defendant, **NEW YORK PRESBYTERIAN HOSPITAL** was and still is a hospital corporation and/or other entity, duly organized and existing pursuant to the laws of the State of New York.

13. That at all times hereinafter mentioned, the Defendant, **THE NEW YORK & PRESBYTERIAN HOSPITAL** did maintain, operate, manage and control a hospital for the care of the sick, and held itself out to the public as furnishing accommodations for the public, including the infant-Plaintiff and plaintiff herein, where one can or could be treated for diverse ailments and conditions.

14. That at all times hereinafter mentioned, the Defendant, **THE NEW YORK & PRESBYTERIAN HOSPITAL** employed and provided personnel, including nurses, surgeons, interns, residents, doctors, and other medical personnel for the care and treatment of patients in their hospital, including the infant-plaintiff, **U.G.**, and in addition thereto, they made available machines, medical equipment, operating instruments, operating facilities, and other necessities to those whom its facilities were made available including the infant-plaintiff and plaintiff herein.

15. That at all times hereinafter mentioned, the Defendant **THE NEW YORK & PRESBYTERIAN HOSPITAL** provided medical care to the infant-plaintiff, **U.G.** and plaintiff **ASSETA NANEEMA.**

16. That from on or about February 1, 2018 up through and continuing through and including, October 2, 2018, infant-plaintiff, **U.G.** and his mother Plaintiff **ASSETA NANEEMA** sought treatment from defendants and remained under the continuous care and treatment of said defendants, including the provision of certain medical care diagnosis, treatment and advice.

17. From on or about February 1, 2018 and continuing up through and including October 2, 2018, infant plaintiff and his mother sought the medical care and surgical care of **SANDY LAU BUI D.O. and THE NEW YORK & PRESBYTERIAN HOSPITAL** for certain medical complaints, medical care, surgical care, diagnosis, medical advice, procedures and treatment for complaints, signs, and symptoms from which they were suffering and defendants rendered medical care, diagnosis, treatment and services.

18. The above medical care, surgical care, diagnosis, treatment and services rendered to plaintiffs by Defendants **SANDY LAU BUI D.O. and THE NEW YORK & PRESBYTERIAN HOSPITAL** was rendered careless, unskillfully, negligently, unnecessarily and not in accordance with good and accepted standards of medical care, nursing care, and obstetrical/gynecology care including but not limited to: in negligently failing to timely and properly detect, diagnose, treat and address shoulder dystocia during delivery; in failing to timely and properly document onset shoulder dystocia; in failing to timely and properly perform maneuvers to deliver infant upon onset of shoulder dystocia; in negligently failing to deliver the shoulders; in improperly delivering shoulders; in improperly delivering the head; in negligently

delivering infant from birth canal; in failing to timely and properly perform maneuvers in order to safely deliver infant from the birth canal; in applying negligent traction to head; in applying improper and contraindicated traction to head; in applying negligent lateral traction, in applying negligent downward traction, in applying unsafe and contraindicated traction; in applying unsafe and contraindicated traction; in negligently manipulating shoulders, head and neck; in negligently applying pressure to head, shoulders and neck; in negligently manipulating head; in negligently positioning head; in negligently pulling head; in negligently pulling shoulders; in negligently applying improper force and traction to shoulders; in that excessive pressure/measures were used on newborn's head; in that force exerted in an effort to deliver infant was excessive; in using excessive force during delivery as is evidenced by severity of injuries; in causing permanent Erbs Palsy requiring surgery to infant; in forcefully extracting newborn in a contraindicated manner; in failing to timely call for help upon onset of shoulder dystocia; in causing shoulder dystocia; in failing to timely and properly employ and use HELPERR protocol; in failing to designate subject pregnancy as a high risk pregnancy; in negligently permitting a vaginal delivery to occur on infant plaintiff's date of birth; in negligently assessing fetal weight and size; in negligent addressing fetal weight; in failing to timely and properly recognize and address risks for shoulder dystocia; in failing to timely and properly address risks for Erbs Palsy; in failing to timely and properly recognize the increased the risk for erbs palsy and shoulder dystocia; in failing to provide timely and proper prenatal care; in rendering negligent care during prenatal visits; in failing to recognize and address that prolonged labor increase risk for shoulder dystocia; in failing to timely and properly advise and educate infant plaintiff's mother as to the increased risk for shoulder dystocia; in failing to timely and properly assess pelvic anatomy; in failing to timely and properly call for assistance before delivery in light of increased risk for shoulder dystocia; in that this defendant negligently failed to

properly obtain informed consent from infant plaintiff's mother; in that the captioned defendants committed medical malpractice by failing to educate this patient as to risks, benefits and alternatives as it pertains to a vaginal delivery vs. C section; in light of the increased risk for shoulder dystocia, a C section should have been performed; in negligently utilizing contraindicated medications; in failing to recognize earlier labor induction as treatment alternative; in negligently failing to obtain informed consent from the mother by means of failing to discuss increased risk for shoulder dystocia and by failing to timely and properly discuss option of C Section; in failing to perform a C Section on infant plaintiff's date of birth; in failing to arrange for performance of a C Section; in failing to alert key personnel prior to delivery as a precaution due to increased risk for shoulder dystocia; in that the nursing staff provided negligent care in regards to the labor and delivery and in regards to the treatment for shoulder dystocia including but not limited to negligent fundal pressure on the mother's stomach; that in the absence of a disease process involving the brachial plexus like cancer or infection in the region of the brachial plexus that can directly injure the plexus, permanent brachial plexus injury in the newborn can only occur when the brachial plexus is traumatically disrupted and that in this case the brachial plexus was negligently and traumatically disrupted; in this case, the infant plaintiff's head was negligently moved a sufficient distance and/or with enough force to cause the elongation of the subject nerves beyond their plastic limit causing the permanent injury described in the medical records; the injury to the nerve of the brachial plexus indicates that nerves were exposed to a substantial degree of stretching that was beyond their elastic limit; and said defendants were otherwise negligent, careless and departed from good and accepted medical and nursing practice.

19. As a result of all of the foregoing negligence on part of defendants **SANDY LAU BUI D.O** and **THE NEW YORK & PRESBYTERIAN HOSPITAL** infant Plaintiff **U.G.** was

caused to and did suffer and sustain severe and serious personal injuries that are permanent in nature and infant Plaintiff was otherwise injured as a consequence of the subject Malpractice and Negligence.

20. As a result of all of the foregoing negligence and malpractice of **SANDY LAU BUI D.O and THE NEW YORK & PRESBYTERIAN HOSPITAL** infant Plaintiff was caused to and did suffer and sustain severe and serious conscious pain and suffering that are permanent in nature.

21. As a result of all of the foregoing, Infant Plaintiff was caused to and did suffer and sustain severe and serious mental anguish that are permanent in nature.

22. As a result of all of the foregoing, Infant Plaintiff was caused to and did suffer and sustain substantial economic losses.

23. The aforesaid severe, serious and permanent personal injuries, severe, serious and permanent conscious pain and suffering, severe, serious and permanent mental anguish, and substantial economic losses suffered and sustained by Infant Plaintiff were occasioned by reason of the negligence, carelessness, and medical malpractice of Defendants **SANDY LAU BUI D.O and THE NEW YORK & PRESBYTERIAN HOSPITAL** and said injuries were not caused by or contributed to by plaintiff or infant plaintiff in any manner.

24. As a direct and proximate result of the foregoing negligence and medical malpractice of Defendants, **SANDY LAU BUI D.O. and THE NEW YORK & PRESBYTERIAN HOSPITAL** the infant plaintiff, **U.G.**, sustained serious and permanent personal injuries and has been caused to suffer severe physical pain and mental anguish as a result thereof, including diminished enjoyment of life, medical expenses, and other serious injuries,

which are permanent and lasting in nature, and that Plaintiff has been incapacitated from his regular activities, including but not limited to social and economic activities.

25. As a result of all of the foregoing, Infant Plaintiff has been injured and damaged in a sum which exceeds the jurisdictional limitations of all lower Courts which would otherwise have jurisdiction over this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (LACK OF INFORMED CONSENT)

26. Plaintiffs repeat, reiterate and re-allege each and every allegation contained herein with the same force and effect as though fully set forth at length herein.

27. There were certain risks, hazards, dangers and alternatives to the aforesaid medical care, treatment, surgeries and procedures rendered.

28. The Plaintiffs had no knowledge of the aforesaid risks, hazards, dangers or alternatives to the proposed care, treatment, procedures, and surgeries.

29. The Plaintiffs had the right to know of the aforesaid risks, hazards, dangers and alternatives to the proposed care, treatment, procedures and surgeries.

30. The Defendants **SANDY LAU BUI D.O.** and **THE NEW YORK & PRESBYTERIAN HOSPITAL** acting individually, and/or through their respective agents, servants and/or employees, had a duty to warn the parent(s) of the infant plaintiff, including the Plaintiff, **U.G.**, as the parent and natural guardian of the infant plaintiff, of the risks, hazards, dangers and alternatives to that portion of the aforesaid medical care, treatment, procedures and surgeries rendered by the Defendants.

31. The Defendants, **SANDY LAU BUI D.O.** and **THE NEW YORK & PRESBYTERIAN HOSPITAL** acting individually, and/or through their respective agents, servants, partners, and/or employees failed to warn or advise the Plaintiffs, of the aforesaid risks, hazards, dangers and alternatives to the aforesaid medical care and treatment.

32. The Defendants **SANDY LAU BUI D.O.** and **THE NEW YORK & PRESBYTERIAN HOSPITAL** acting individually, and/or through its agents, servants, partners, and/or employees, failed to obtain the informed consent of the Plaintiffs to the proposed treatment, care, procedures, surgeries.

33. Had the Plaintiff, **ASSETA NANEEMA**, as the parent and natural guardian of the infant plaintiff, or any reasonable person so situated been informed of the aforesaid risks, hazards and alternatives, she would not have consented to the aforesaid medical care and treatment for her son, the infant plaintiff.

34. As a direct and proximate result of the foregoing negligence and medical malpractice of Defendants **SANDY LAU BUI D.O.** and **THE NEW YORK & PRESBYTERIAN HOSPITAL** acting individually and/or through their agents, servants, partners and/or employees, the infant Plaintiff, sustained serious personal injuries, including but not limited Erbs palsy, severe pain and suffering, physical and mental pain and suffering and mental anguish, and other injuries too numerous to mention herein.

35. The lack of informed consent herein on part of defendants **SANDY LAU BUI D.O. and THE NEW YORK & PRESBYTERIAN HOSPITAL** is a proximate cause of the injuries, conditions, and disabilities for which recovery is sought.

36. As a direct and proximate result of the foregoing negligence and medical malpractice of Defendants, **SANDY LAU BUI D.O.** and **THE NEW YORK & PRESBYTERIAN HOSPITAL** the infant plaintiff **U.G.** sustained serious and permanent personal injuries and has been caused to suffer severe physical pain and mental anguish as a result thereof, and that Infant Plaintiff has been incapacitated from his regular activities, including but not limited to social and economic activities.

37. That by reason of the foregoing negligence of defendants **SANDY LAU BUI D.O. and THE NEW YORK & PRESBYTERIAN HOSPITAL** the infant Plaintiff, has been damaged and seeks an award of damages in an amount in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this action

### AS AND FOR A THIRD CAUSE OF ACTION ON (LOSS OF SERVICES, SOCIETY, AFFECTION)

38. Plaintiffs repeat, reiterate and re-allege each and every allegation contained herein with the same force and effect as though fully set forth at length herein.

39. Plaintiff **ASSETA NANEEMA**, is the lawful mother of infant plaintiff **U.G.** and in and as much is entitled to her society and is responsible for her care, maintenance, support and attention.

40. That the Plaintiff, **ASSETA NANEEMA**, being responsible for infant's necessaries, became obligated for that medical and hospital expense, and medicines and was deprived of the infant's society, and may continue to be further obligated and further damaged thereby.

41. As a result of the foregoing negligence and malpractice of defendants **SANDY LAU BUI D.O. and THE NEW YORK & PRESBYTERIAN HOSPITAL** Plaintiff **ASSETA NANEEMA** was deprived of the society of her son **U.G.** and was compelled to expend and become liable for diverse sums of money in an effect to cure and relieve her son of his injuries, and since her injuries are believed to be of a permanent nature, she will continue to be so deprived and liable in the future.

42. By reason of the foregoing, Plaintiff, **ASSETA NANEEMA** is entitled to recover all of her damages from the Defendants, the amount of which exceeds the jurisdictional limits of all lower Courts.

43. By reason of the foregoing, Plaintiff, **ASSETA NANEEMA** is entitled to recover all of her damages from the Defendants, the amount of which exceeds the jurisdictional limits of all lower Courts.

**WHEREFORE**, plaintiffs, **U.G.**, an infant by his mother and natural guardian, **ASSETA NANEEMA** Individually, demand judgment against the Defendants on the First, Second, and Third and Causes of Action in amounts, respectively, which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this action; together with interest, attorneys fees, costs and disbursements of this action

Dated: New York, New York

    September 3, 2019

                                      Yours, etc.,

                                      **DOUGLAS & LONDON, P.C.**

                                      By:_____
                                      Randolph D. Janis, Esq.
                                      Attorneys for Plaintiffs
                                      59 Maiden Lane, 6th Floor
                                      New York, New York 10038
                                      (212) 566-7500

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK    )
                     s.s.:
COUNTY OF NEW YORK   )

**RANDOLPH D. JANIS**, an attorney and counselor at law, duly admitted to practice in the Courts of the State of New York and associated with **DOUGLAS & LONDON, P.C.**, attorneys for Plaintiffs herein, affirms the following to be true under penalties of perjury:

I have read the foregoing **COMPLAINT** and know the contents thereof, and upon information and belief, I believe the matters alleged therein to be true.

The reason this Verification is made by deponent and not by Plaintiffs is that Plaintiffs reside in a county other than the one in which your deponent's office is maintained.

The source of your deponent's information and the grounds of my belief are communications, papers, reports and investigations contained in my file.

Dated: New York, New York
       September 3, 2019

_____
RANDOLPH D. JANIS

## CERTIFICATE OF MERIT

STATE OF NEW YORK )
                              s.s.:
COUNTY OF NEW YORK )

      **RANDOLPH D. JANIS**, an attorney duly admitted to practice in the Courts of the State of New York, hereby affirms as follows pursuant to CPLR §2106.

      I have reviewed the facts of this case and consulted with at least one physician who is licensed to practice medicine in this state and who I reasonably believe is knowledgeable in the relevant issue involved in this action, and I have concluded on the basis of such review and consultation that this is a reasonable basis for the commencement of this action.

Dated: New York, New York

September 3, 2019

                                                    RANDOLPH D. JANIS